UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

NOSAJ ENTERTAINMENT, HP ENTERTAINMENT,
PINOY DREAM PROD.,LLC, TEAM GUIDOTT'S
PRODUCTION

                          Plaintiffs,

v.

TRISTATE AND BEYOND, LLC,
ROMULO AROMIN JR, AND
FLORDELIZA LANTIN

                          Defendants

Civil Action no:_____

**VERIFIED COMPLAINT**

: JURY TRIAL DEMANDED

-------------------------------------------------------------------X

        Plaintiffs, NOSAJ Entertainment ("Nosaj"), HP  Entertainment ("HP"), Pinoy

Dream Productions,LLC ("Pinoy Dream"), TEAM Guidotts Production ("Guidotts") by

and through their attorneys, Law Offices of Jonathan R Suarez, PLLC., complaining of

Defendants: Tristate and Beyond LLC., Romulo Aromin, Jr. and Flordeliza Lantin

(collectively " Defendants") herein alleges as follows:

### JURISDICTION

1)      The case is based on the parties' diversity of citizenship under 28 U.S.C.§

1332(a)(1) because it is between citizens of different states.

2)      The matter in controversy amounting to **$472,301.00,** exclusive of interest and

costs.

3)    Plaintiff Nosaj Entertainment (herein "NOSAJ") is a domestic corporation

incorporated under the laws of the State of New Jersey through its President Jason Purino,

residing in Jersey City, New Jersey. Its principal place of business is at 50 Gautier Avenue,

Jersey City, NJ 07306. Accordingly, plaintiff NOSAJ has suffered **$80,200.00** of actual compensatory damages.

4)      Plaintiff, HP Entertainment (herein "HP Entertainment") is a domestic corporation, Incorporated under the laws of the State of Texas through its President Hermie Pacia, also residing at Friendswood, Texas, and intends to remain therein. Plaintiff has suffered actual compensatory damages **of $60,047.00**

5)      Plaintiff Pinoy Dream Production, LLC (herein "Pinoy Dream") is a domestic corporation incorporated in the state of Texas through its President, Eric Medina, also residing in Richmond, Texas, and intends to remain therein. Accordingly, Plaintiff has suffered **$69,612.00** of actual and compensatory damages.

6)      Plaintiff Team Guidotts Production (herein "Team Guidott") is a domestic corporation incorporated in the state of Maryland through its President, Lance Rayela, also residing in Hyattsville, Maryland, and intends to remain therein. Accordingly, Plaintiff has suffered **$77,442.00** of actual and compensatory damages.

7)      Defendant, Tristate and Beyond LLC (herein "Tristate") is incorporated and has a principal place of business in New York State located at 32 West 18th Street #9A, New York, NY 10011.

8)      Defendant Romulo Aromin is a citizen of the state of New York. His residence is at 32 West 18th Street #9A, New York, NY 10011.

9)      Defendant Flordeliza Lantin is a citizen of New York, and her residence is in Queens, New York.

    
## VENUE

10)     All of the Plaintiffs alleged that venue is proper under 28 U.S.C. § 1391(b) (2) because the written agreement was executed in New York and all of the Defendants are residents of New York State (3) Also, the Contract provides that New York state law governs the agreement.

## PARTIES

11)     Plaintiff NOSAJ is a domestic corporation with a principal place of business located at 50 Gautier Avenue, Jersey City, Hudson County, NJ 07306. Cellphone no: (551) 998-6020. Email: jasonpurino@gmail.com.

12)     Plaintiff HP Entertainment is a domestic corporation with a principal place of business located at 3435 Tuscania Lane, Friendswood, TX. Cellphone no: (832) 878-5881 Email: hpproductionstx06@gmail.com.

13)     Plaintiff Pinoy Dream is a domestic corporation with a principal place of business located at  7406 Rainham Valley Lane, Richmond, TX 77407. Cellphone no: (973) 223-7905. Email address: eric@pinoydreamproductions.com.

14)     Plaintiff Team Guidotts is a domestic corporation with a principal place of business located at 5113 72nd Avenue, Hyattsville, MD 20784. Cellphone no: (301) 728-8165. Email address: guidotts1968@gmail.com.

15)    At all relevant times herein, Tristate was and is a corporation incorporated under the laws of New York state with a principal place of business located at 32 West 18th Street #9A New York, NY 10011. Email address: trisstateandbeyond2275@gmail.com.

16)     At all relevant times herein, Mr. Romulo Aromin was Treasurer and the Producer of Tristate. Accordingly, he possessed significant operational control over finances, dealings, and negotiation of contracts.

17)     At all relevant times herein, Ms. Flordeliza Lantin is the agent of Tristate, and Mr. Romulo Aromin, who transacted the initial negotiation. She made fraudulent promises and misrepresented facts to the Plaintiffs that they have an existing artist contract. After their clients were convinced of false promises, Mr. Romulo Aromin took over the transaction.

18)     At all relevant times herein, Tristate, Mr. Romulo Aromin, and Ms. Flordeliza Lantin (collectively the "Corporate Defendants") were jointly and had common control of the operations and transaction of the business of Tristate.

### STATEMENT OF THE CLAIM

19)     Plaintiffs are known in the United States of America as Filipino-American producers of concerts, gigs, sports tournaments, and events. They have some followers and supporters of their activities.

20)     On or about June 2021, Defendant Ms. Flordeliza "Baby" Lantin, an employee and officer of Tri-State and Beyond, held a meeting with one of the Plaintiffs, Mr. Jason Purino.

21)     At this meeting, Ms. Lantin offered a series of artist concerts from the U.S. and the Philippines: a) David Pomeranz and b) Joey Albert to Plaintiff producer Mr. Jason Purino.

22)     However, this idea did not pursue, and instead, on August 21, 2021, Ms. Lantin offered the following to Mr. Jason Purino: "We can have the concert of artist Morissette Amon. We know her manager, and we can bring her in the U.S. " (Morissette Amon is a famous singer in the Philippines due to her performance in the top-rated television show, The Voice Philippines Season 1).

4

23)    Plaintiff Mr. Jason Purino asked Ms. Lantin the following: a) the date the concert will be held; b) where the venue is; c) if it would be a series of concerts; d) how much the costs would be, and e) who the other performers are.

24)    Ms. Lantin answered all the following questions and concluded that Filipino artist Sam Concepcion would be the guest artist.

25)    Plaintiff producer Mr. Jason Purino agreed to this arrangement because of the idea that Ms. Lantin, Mr. Romulo Aromin, and Tristate Beyond knew of the artists' managers, and they guaranteed the performance of the said artists.

26)    Immediately, Plaintiff Mr. Jason Purino contacted his friends and co-producers from the United States: Hermia Pacia of HP Entertainment, Friendswood, Texas; Eric Medina of Pinoy Dream Production Richmond, Texas; and Lance Rayela of Team Guidott's Production to co-produce these series of shows.

27)    All parties agreed to this Event and concluded that it would be a U.S. Concert Circuit series, as stated in the Contract.

28)    On or about October 27, 2021, Plaintiffs and Defendant manifested their intention in writing through Booking agreements or Performance contracts and concert agreements hereinafter referred to as "the Contract" (please see a copy attached herein as Exhibit "A").

29)    Under this Contract, the Plaintiffs shall produce a series of U.S. Concert tours. The Artists are from the Philippines. The Event shall be entitled "MAD ABOUT LOVE," herein referred to as the "Event" (please see attached herein as Exhibit "B").

30)    Defendant, on the other hand, shall provide the following artists to perform: ARTISTS a) Morissette Amon, and GUEST ARTIST b) Sam Concepcion from the Philippines.

31)     Furthermore, both parties agreed on the following: a) the Event will be held in Houston, Texas, on January 14, 2022; b) in Dallas, Texas, on January 15, 2022; and c) in Virginia on January 16, 2022;

32)     Moreover, under page two of Contract: d) the responsibilities of the party are outlined:

a) First Party shall pay the Second party the amount of THIRTY-FOUR THOUSAND DOLLARS ($34, 000);

   b) Payment schedule as follows:

        1) Amount of $11,900 within three days of the signing of this Contract;

        2) Amount of $11,900 shall be paid after three days of visa issuance to the Artist and Guest Artist; and

        3) Amount of $10,200 shall be paid upon the Artist's and guest artist's arrival at the city venue.

33)     On the hand, the Second party, represented by Romulo Aromin, Jr, and Flordeliza Lantin, secured the personal appearance of the ARTIST Morissette Amon and GUEST ARTIST Sam Concepcion to perform a combination of SEVEN (7) solo spots for the ARTIST, THREE (3) solo spots for the GUEST ARTIST, and two (2) (duets with a minimum performance time of ninety (90) minutes NOT including the front acts' performances.

34)     On January 2022, two weeks before the concert, Plaintiff Jason Purino received a text message from Defendant Romulo Aromin stating, "We need to move these series of concerts to the following dates:"

        Houston, TX concert from January 14, 2022, to March 4, 2022

Dallas, TX concert from January 15, 2022, to March 5, 2022

McLean, VA concert from January 16, 2022, to February 25, 2022

35)     When Plaintiff Mr. Purino questioned this sudden change, Defendant told Plaintiff that Artist Morissette Amon was infected with COVID-19. Although all of the Plaintiffs paid for the following expenses as stated in the written Contract on October 27, 2021:

   a) Artist Deposit amounting to ($11,900 x 3) $35,700.

   b) Venue of the three concerts amounting to $25,017.

   c) Contract for music and band, technical and power supply amounting to
      $26,290

   d) Ticket printing, posters, marketing, and advertising $13,700.

   e) Miscellaneous and incidental expenses amounting to $8,890.

36)     Plaintiff did not want to agree with Defendant's action. However, he decided upon the Defendants' guarantee that the Artists would perform the concerts on said dates.

37)     Upon learning of this circumstance, the Plaintiffs immediately notified all ticket holders and spectators who were excited about this Event that the "Mad About Love" series of shows were moved to the following dates. Also, due to this cancellation, the Plaintiffs rebooked all their contract commitments that were part of the concert. However, some hotels and establishments asked them to pay additional fees for the cancellation. As a result, the plaintiffs spend approximately $40,000.00 for this rebooking.

38)     On February 7, 2022, Defendant Aromin made a conference call with Plaintiff Jason Purino. This time, he was notifying Plaintiff of an issue with Artist's visa. However, the Defendants guaranteed that the concert would push through because they knew somebody in the US consulate in Manila who could provide for an Artist visa.

39)     On February 15, 2022, ten days before the first concert that was already rescheduled in Mclean, VA, Defendants Romulo Aromin, and Flordeliza Lantin informed Plaintiff Jason Purino that everything was okay and that there was no issue with Artist Morissette Amun's visa. However, the guest artist Sam Concepcion and his entourage were still awaiting their visa approval.

40)     Defendants again guaranteed that the concert "Mad About Love" series of concerts would push through without guest artist Sam Conception.

41)     On February 19, 2022, Defendants Romulo Aromin and Flordeliza Lantin guaranteed that the concert would push through and that they were waiting for the Artist Morisette Amon to arrive. In addition, they told Plaintiff that they used "influential people" from the Philippines to help Artist Morissette Amon secure a visa from United States Embassy in Manila. Again, they promised that concerts were still on and that she would be present on the day of the show.

42)     On February 24, 2022, up until 5 in the morning, without any advice from the Defendant, All Plaintiffs were waiting for Artist Morissette Amon in Virginia, where the first concert was set to be performed.

43)     On February 25, 2022, no concert was performed, and no Artist came to perform as promised by Romulo Aromin Jr and Flordeliza Latin.

44)     Due to this circumstance, All of the Plaintiffs' down payment to venues, hotel accommodations, expenses for the concert performance, and all necessary and incidental fees paid were forfeited by respective establishments.

45)     All ticket holders, followers, and fans of artist Morissette Amon were angry, disappointed, and frustrated. They blamed the producers and plaintiffs NOSAJ

entertainment, HP entertainment production, Pinoy Dream Production, and Team Guidotts Production.

46)     All tickets holders asked for reimbursement amounting to the following loss:

a) Houston concert loss of $60,047.00;

b) Dallas concert loss of $ 69,612.80;

c) Virginia concert loss of $77,442.26.

47)     The Plaintiffs' character and reputation as producers and promoters of Artists in the United States were ruined and tainted.

48)     Plaintiffs demanded the deposit of $35,700 made by them to Defendants. Despite repeated demands, to this date, Defendants Tri-State and Beyond, Romulo Aromin Jr, and Flordeliza Lantin have neither refunded the money nor given any justifiable reason for the payment should not be fully refunded. The cash of $35,700 was still with the Defendants with no intention of returning.

49)     On March 15, 2022, Defendant Romulo Aromin wrote a letter to Plaintiff Jason Purino stating to reschedule the said concert and admitting that they did not have an agreement with the manager of Artist Morisette Amon, RankOne, and Sam Concepcion before entering into a series of the show with all the Plaintiffs (Please see attached Exhibit "G").

50)     By admission in this letter, Defendant Tristate and Beyond, Romulo Aromin, and Flordeliza Lantin entered a concert series with the Plaintiffs without securing artist performance with artist manager RankOne. They misrepresented themselves to Plaintiffs that they secured the performance of artist Morissette Amon and guest performance Sam

Concepcion in the United States with intent to deceive. On the other hand, the Plaintiffs were induced by this manifestation and paid the down payment of $35,700.

51)    Worse, the money loss ballooned to almost $207,100.00 because of accrued expenses. These are clear cases of Fraud, Deceit, and Misrepresentation.

## AS AND FOR THE FIRST CAUSE OF ACTION

## AGAINST TRISTATE AND BEYOND FOR BREACH OF CONTRACT

52)    Plaintiffs repeat and reallege paragraphs 1 through 42 of the Complaint.

53)    As Tristate and Beyond LLC, represented by Mr. Romulo Aromin Jr and Flordeliza Lantin, entered into a series of artist engagement contracts with Plaintiffs NOSAJ entertainment, HP entertainment, and Team Guidott's production with Artist Morissette Amon and guest artist Sam Concepcion to perform on the following: January 14, 2022, in Houston, Texas; January 15, 2022, in Dallas, Texas; and January 16, 2022, in Virginia.

54)    According to the Contract, the Plaintiffs paid Defendants Tristate and Beyond LLC through Romulo Aromin Jr. and Flordeliza Latin. The total actual damages for the down payment of $35,700 breakdowns as follows:

a)    Houston concert contract - $11,900

b)    Dallas concert contract - $11,900

c)    Virginia concert contract - $11,900

55)    Under the Contract, Plaintiffs made and paid venues, hotel accommodation for the Artist, equipment, advertising, tickets, posters, and necessary and incidental expenses to third parties to comply with the artist contract agreement. Accordingly, the Plaintiff's actual damages are $65,778, breakdown as follows:

a)    Houston concert contract: $12,332;

b)      Dallas concert contract: $28,869;

c)      Virginia concert contract: $24,577.

56)     Under the Contract, Plaintiffs should have expected earnings from sponsorship, donations, ticket sales, food and drinks, and memorabilia from the concert amounting to $105,622, breakdown as follows:

      a)  Houston concert expected to earn $35,815;

      b)  Dallas concert expected to earn $28,843;

      c) Virginia concert expected to earn $40,964.

**AS AND FOR THE SECOND CAUSE OF ACTION<br>AGAINST TRISTATE AND BEYOND, LLC<br>FOR UNJUST ENRICHMENT**

57)     Plaintiffs repeats and realleges Paragraphs 1 through 50 of the Complaint.

58)     Plaintiffs paid Tristate and Beyond $35,700 for artist booking and performing the concert.

59)     Even though none of those described above concerts was held, and Tristate and Beyond did not perform any of its contractual duties, Tristate and Beyond refused to refund any monies Plaintiffs paid.

60)     Despite repeated demands from Plaintiffs, Tristate and Beyond produced no proof that said $35,700 refund payments were allegedly made to Artist Morissette Amon and/or Sam Concepcion as a down payment or to secure their booking.

61)     This is a clear result of Tristate, and Beyond unjust enrichment, Plaintiffs suffered $35,700, exclusive of interest, cost, and legal fees.

**AS AND FOR THE THIRD CAUSE OF ACTION<br>AGAINST TRISTATE AND BEYOND<br>FOR CONVERSION**

62)     Plaintiff repeats and realleges Paragraphs 1 through 55 of the Complaint.

The plaintiffs paid Tristate and Beyond $35,700 for the artist booking and performing the concert.

63)     Even though none of those described above concerts was held, and Tristate and Beyond did not perform any of its contractual duties, Tristate and Beyond refused to refund any monies Plaintiffs paid.

64)     Despite repeated demands from Plaintiffs, Tristate and Beyond produced no proof that said $35,700 refund payments were allegedly made to Artist Morissette Amon and/or Sam Concepcion as a down payment or to secure their booking.

**AS AND FOR THE FOURTH CAUSE OF ACTION**
**AGAINST TRISTATE AND BEYOND LLC, ROMULO AROMIN JR,  AND**
**FLORDELIZA LANTIN**
**FOR DISHONESTY, FRAUD, DECEIT, AND MISREPRESENTATION**

65)     Plaintiff repeats and realleges paragraphs 1 through 58 of the Complaint.

66)     Romulo Aromin Jr., Flordeliza Lantin, and Tristate and Beyond LLC conspired to defraud all of the Plaintiffs and induced the Plaintiffs to enter into several engagement contracts.

67)     Plaintiffs paid Tristate and Beyond, Romulo Aromin Jr, and Flordeliza Lantin a total amount of $35,700, in reliance that Tristate and Beyond would perform its obligation in having Artists Morissette Amon and Sam Concepcion perform a series of concert in the U.S.: namely in the state of Houston, state of Dallas, and state of Virginia.

68)     Tristate and Beyond, through its officer Romulo Aromin and Flordeliza Lantin, promised Plaintiffs through a written agreement entitled "Booking agreement" that Artists Morissette Amon and Sam Concepcion will be performing on the U.S. Concert circuit

series, namely in the state of Houston, state of Dallas and state of Virginia, without securing a written Contract with the manager or with the Artists themselves before entering into said agreement.

69)     Plaintiffs detrimentally relied on the promise of the Defendants and paid them $35,700 while also securing venues and incurring necessary and incidental expenses of $53,852.

70)     Tristate and Beyond did not perform any of its contractual obligations. Instead, they promised the Plaintiffs that the concert could be pursued without written agreement with the Artist manager or Artist Talent.

71)     Defendant Romulo Aromin continues his fraud and dishonesty by telling Plaintiffs that he can perform the Contract next year without any existing written contractual agreement with Artist Morissette Amon or her manager.

72)     Also, Defendant Flordaliza Lantin is doing the same deceit, fraud, and misrepresentation by telling all of the Plaintiffs that they have an existing written contract with the Artist and her manager.

73)     But the truth is there was no written contract with the Artist or her manager before they entered into a concerted agreement with all the Plaintiffs.

74)     Plaintiffs detrimentally relied on these promises.

### AS AND FOR THE FIFTH CAUSE OF ACTION
### AGAINST ROMULO AROMIN JR. FOR UNJUST ENRICHMENT

75)     Plaintiffs repeats and realleges Paragraph 1 through Paragraph 64 of the Complaint.

76)     Because Mr. Aromin Jr. was delegated the duty to secure the Artist's booking, schedule, and performance in the concert. The plaintiffs paid Mr. Aromin Jr. the money

amounting to $35,700 directly. On the other hand, Defendant Mr. Aromin did not pay or make a down payment to secure the booking of artists Morissette Amon and Sam Concepcion.

77)     Upon repeated demands from the Plaintiffs, Mr. Aromin refused to refund the money without justifiable reason.

78)     To this date, Mr. Aromin Jr is still holding the money with no intention of refunding the Plaintiffs. Defendant Mr. Aromin Jr. unjustly enriched himself at the expense of others. This is a manifestation of a greedy person.

## AS AND FOR THE SIXTH CAUSE OF ACTION
## AGAINST MR ROMULO AROMIN JR.
## FOR CONVERSION

79)     Plaintiffs repeats and realleges Paragraph 1 through Paragraph 68 of the Complaint.

80)     Because Defendant Romulo Aromin Jr. was assigned to secure Artist an artist's performance in the concert entitled Mad About Love.

81)     The plaintiffs paid Defendant $37,500 for securing artist performance in the United States.

82)     Even though none of those described concerts were held, the money given to Mr. Aromin was not refunded to Plaintiff.

83)     Mr. Aromin illegally converted all of Plaintiff's personal property. Not only misappropriated funds but refused to return them.

## AS AND FOR THE SEVENTH CAUSE OF ACTION
## AGAINST FLORDELIZA LANTIN
## FOR BREACH OF FIDUCIARY DUTY

84)     Plaintiff repeats and realleges Paragraph 1 through Paragraph 69 of the Complaint.

85)     Plaintiff Jason Purino was friends with Defendant Flordeliza Lantin. For several years they have known each other in the Filipino-American community.

86)     Trust and confidence were built into this relationship. Defendant has a fiduciary duty, to tell the truth to Plaintiff Jason Purino that they have no existing contractual relationship with artist Morissette Amon and her manager.

87)     However, Defendant Flordeliza Lantin used this fiduciary relationship to defraud and take advantage of the situation by informing Jason Purino that "we have a connection with the U.S. Embassy in the Philippines, and we can secure the performance of the artist Morissette Amon to perform in the United States with a series of concerts."

88)     That as a result of the foregoing, the amount of damages sought herein exceeds the jurisdictional limits of all lower courts which might otherwise have jurisdiction herein.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants for the following:

1)     Directing Defendants to pay Plaintiffs their actual damages and compensatory damages arising from breach of Contract amounting **to $136,478.00**

**2)**     Directing Defendants to pay Plaintiffs for expectation damages arising from breach of Contract for **$150,823.00**

3)     Directing Defendant to return the **$35,700.00** that was paid, which he had been unjustly enriched at the expense of the Plaintiffs.

4)     Directing Defendants to pay Plaintiff for committing Fraud, Deceit, and intentional misrepresentation, and causing Plaintiff to suffer economic losses in the amount **of $80,000.**

5)      Directing Defendants to pay Plaintiff punitive damages for Fraud, Deceit, and intentional misrepresentation in the amount of **$70,000.00** and such and other further relief the Court may deem proper.

Date: November 29, 2022
New York, New York

Jonathan R Suarez,  Esq.
*Attorney for Plaintiffs*
Law Office of Jonathan R Suarez, PLLC.
267 5th Ave. Suite 106 Lower Level II
New York, NY 10016
Tel: 917.655.2426/917.340.0896
Fax: 917.965.2733
Email:jonathan@jonsuarezlaw.com