**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
NOSAJ ENTERTAINMENT *et al.*,
                                           Plaintiffs,                              **ORDER**

-against-                                                                           **22-cv-10110 (VM) (JW)**

TRISTATE AND BEYOND, LLC *et al.*,
                                           Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

## BACKGROUND

In October 2023, this Court denied Plaintiffs' request for additional discovery under Rule 56(d). Dkt. No. 47. Plaintiffs then moved for reconsideration, and Defendants opposed. Dkt. Nos. 54–57. Because Plaintiffs do not offer any newly discovered evidence, any change in controlling law, or any extraordinary circumstances, the Motion for Reconsideration is DENIED.

## THE OCTOBER ORDER

In October, the Court held that Plaintiffs did not meet the necessary prerequisites of Rule 56(d) for additional discovery. Under Rule 56(d), a party may attain additional discovery only if they "file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." Purchase Partners, LLC v. Carver Fed. Sav. Bank, No. 09-CV-9687 (JMF), 2013 WL 1499417, at *8 (S.D.N.Y. Apr. 10, 2013) quoting Gualandi v. Adams, 385 F.3d 236, 244 (2d Cir.2004).

In that order, the Court noted that while Counsel for Plaintiffs offered substantive arguments attempting to bolster Plaintiffs' claims of fraud and contesting Defendants' force majeure defense, the Affirmation did not identify which facts Plaintiffs still needed to collect in order to oppose Defendants' anticipated summary judgment motion. Furthermore, the Court explained that Plaintiffs' Affirmation made no arguments on the other prongs and thus "certainly does not adequately address prongs two through four." Dkt. No. 47 at 3. Thus, this Court concluded that "without a declaration that satisfies these four prongs, the Court cannot utilize Rule 56(d) to authorize additional discovery. Id. (citing Owoyemi v. Credit Corp Sols. Inc., No. 1:21-CV-8021-GHW-RWL, 2023 WL 4053134, at *11 (S.D.N.Y. June 16, 2023)).

## LEGAL STANDARD

District courts "have broad discretion in determining whether to grant a motion for reconsideration." Open Soc'y Just. Initiative v. Cent. Intel. Agency, No. 19 CIV. 1329 (PAE), 2021 WL 4150522, at *4 (S.D.N.Y. Sept. 13, 2021) (citing Baker v. Dorfman, 239 F.3d 415, 427 (2d Cir. 2000). A motion to reconsider "is not a motion in which a movant may reargue those issues already considered when a party does not like the way the original motion was resolved." Evolution Fast Food Gen. P'ship v. HVFG, LLC, No. 15-CV-6624 (DAB), 2018 WL 1779377, at *2 (S.D.N.Y. Mar. 28, 2018). "The major grounds for justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Open Soc'y, 2021 WL 4150522, at *4 (citing In re Pishevar, No. 19 Misc. 503 (JGK) (SDA), 2020 WL 1862586, at *2 (S.D.N.Y. Apr. 14,

2020); Terra Sec. ASA Konkursbo v. Citigroup, Inc., 820 F. Supp. 2d 558, 560 (S.D.N.Y. 2011).

Under Rule 52(b), a court "may amend its findings—or make additional findings—and may amend the judgment accordingly." See Fed. R. Civ. P. 52(b). "A party moving pursuant to Rule 52(b) may seek to correct 'manifest errors of law or fact ... or in some limited situations, to present newly discovered evidence.'" Gonzalez v. United States, No. 17-CV-3645 (GBD), 2021 WL 1606182, at *1–2 (S.D.N.Y. Mar. 1, 2021), aff'd, 80 F.4th 183 (2d Cir. 2023) (citing United States v. Carson, 52 F.3d 1173 (2d Cir. 1995). Parties, however, are not permitted to "relitigate old issues, to advance new theories, or to secure a rehearing on the merits." Id.

Under Rule 59(e), "district courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice." Id. (citing Pillar Dynasty LLC v. New York & Co., Inc., 933 F.3d 202, 216 (2d Cir. 2019). Courts have held that a "judgment in a civil case does not constitute 'manifest injustice' where the movant's arguments for relief 'were available to the party below and the party proffer[ed] no reason for his failure to raise the arguments." See Gonzalez, 2021 WL 1606182, at *1–2 (citing Corsair Special Situations Fund, L.P. v. Nat'l Res., 595 F. App'x 40, 44 (2d Cir. 2014).

Though "Rules 52(b) and 59(e) are accordingly governed by similar and similarly demanding standards," each has a distinct application. See generally Red Hook Container Terminal LLC v. S. Pac. Shipping Co., No. 15-CV-01483 (AJN), 2019 WL 4509025, at *2 (S.D.N.Y. Sept. 19, 2019). "Rule 52(b) provides a means to dispute underlying facts that resulted in faulty factual findings or conclusions of law based on those facts. Rule 59(e) provides for a broad request for reconsideration of the

judgment itself." See Gonzalez, 2021 WL 1606182, at *1–2 (citing Panton v. United States, No. 98-CV-1881 (LAP), 2010 WL 5422293, at *2 (S.D.N.Y. Dec. 23, 2010).

Under these rules, the movant must show that the Court overlooked "controlling decisions or factual matters" that had been previously put before it. Great Am. Ins. Co. of New York v. USF Holland, Inc., No. 11-CV-6879 (KBF) 2013 WL 1832185, at *1 (S.D.N.Y. May 1, 2013). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Road Music, Inc. v. Music Sales Corp., 90 F.Supp.2d 390, 391–92 (S.D.N.Y.2000)(Sprizzo, DJ.).

Reconsideration is "an extraordinary remedy to be employed sparingly." See United States v. Battle, No. 05 CR 377(VM), 2021 WL 1222104, at *1 (S.D.N.Y., 2021)(citing In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). As the Second Circuit has explained, the standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." See Battle, 2021 WL 1222104, at *1 (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

## DISCUSSION

To begin, Plaintiffs make no attempt to detail the legal standard for reconsideration. The Motion included no memorandum of law, but improperly included only an Affirmation. See generally United States v. Buff, No. 19-CV-5549, 2021 WL 5280246, at *2 (S.D.N.Y. Oct. 18, 2021). Plaintiffs made no arguments on

4

why reconsideration is warranted, instead advancing only arguments relevant to the Motion for Additional Discovery under 56(d).

Plaintiffs cite to no new facts. Every fact cited was known to the Court prior to its Decision on the 56(d) Motion. A motion for reconsideration based on new evidence "must be able to point to 'evidence that was 'truly newly discovered or could not have been found by due diligence.'" See Marhone v. Cassel, No. 16-CV-4733, 2021 WL 142278, at *2 (S.D.N.Y. Jan. 14, 2021) (quoting Space Hunters, Inc. v. United States, 500 F. App'x 76, 81 (2d Cir. 2012).

Plaintiffs cite to no new law. A motion to reconsider "will generally be denied unless the moving party can point to controlling decisions or…an intervening change in controlling law." See Battle, 2021 WL 1222104, at *1(citing Virgin Atlantic, 956 F.2d at 1255.

Plaintiffs do not even attempt to argue that there exist "extraordinary circumstances" that would warrant reconsideration. Even if they did, there is a high bar for the movant to present circumstances that are genuinely extraordinary. See, e.g., Broadway v. City of New York, No. 96-CV-2798, 2003 WL 21209635, at *4 (S.D.N.Y. May 21, 2003); Ross v. Cooper, No. 90-CV-304, 2008 WL 5062727, at *4 (S.D.N.Y. Nov. 24, 2008); Moore v. Peters, 341 F.R.D. 463, 469 (W.D.N.Y. 2022) (quoting Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004)).

With no new evidence, no new law, and no extraordinary circumstances, no Motion for Reconsideration can be granted. Plaintiffs' Motion is DENIED.

**The Clerk of the Court is respectfully requested to close Dkt. Nos. 54 and 58.**

SO ORDERED.

DATED:   New York, New York
            June 10, 2024

                                                    JENNIFER E. WILLIS
                                                    United States Magistrate Judge

6